Boyd A. Veenkant v. Commissioner.
Veenkant v. Commissioner
Docket No. 123-67.
United States Tax Court
T.C. Memo 1968-119; 1968 Tax Ct. Memo LEXIS 179; 27 T.C.M. (CCH) 566; T.C.M. (RIA) 68119; June 18, 1968, Filed Boyd A. Veenkant, pro se, P.O. Box 115, Allegan, Mich. Charles S Stroad, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined a deficiency in the income tax of petitioner for the taxable year 1963 in the amount of $4,173.39. Certain adjustments made by respondent in his determination of deficiency are not at issue under the pleadings. The sole issue before the Court is whether respondent has erred in disallowing the use of the installment method of reporting gain on petitioner's sale of a motel property. Findings of Fact As of the date of filing of the petition herein, petitioner was a resident of Allegan, Michigan, and filed a timely income tax return for the calendar year 1963 with the district director of internal *180 revenue at Detroit, Michigan. On and prior to June 29, 1963, petitioner owned two adjoining parcels of real estate, upon parcel A of which was located his house and upon parcel B of which was located a motel. On that date, petitioner and his wife entered into a land contract with John A. Palenick, Jr., and his wife for the sale and purchase of both parcels. The stated sale price for both, without allocation, was $80,000 with acknowledgment of the receipt by the vendors of a downpayment of $25,000 and the remaining $55,000 to be paid at the rate of $450 each month, beginning August 1, 1963, with interest at 6 percent upon the unpaid balance to be computed monthly, deducted from each such payment, and the remainder to be applied on the principal until the full purchase price had been paid. The terms of the contract were complied with during 1963. In his joint individual return for 1963, petitioner reported his gain upon sale of the motel property on the installment basis, allocating $61,000 of the $80,000 sale price stated in the land contract as the sale price of the motel and computing the taxable portion thereof at $664.90. The respondent in his determination of deficiency has *181 treated the sale of the two parcels of real estate as a single sale and has denied petitioner the use of installment reporting of his gain thereon. Petitioner paid certain real estate brokers the sum of $5,600 as commission for services rendered in effectuating the sale of the motel property. Such services had resulted in a written offer to purchase both parcels of property, including other real and personal property, dated June 18, 1963, and an acceptance thereof by petitioner dated June 19, 1963. The terms of the offer and acceptance were in accordance with the terms of the land contract above set forth. Prior to June 18, 1963, petitioner and the purchasers had agreed upon the sale and purchase of petitioner's residence, the terms of which agreement are undisclosed by this record. 567 Ultimate Finding Although separately negotiated, the sale of petitioner's motel and residence properties was a single transaction wherein the downpayment alone exceeded 30 percent of the total sale price. Opinion As near as can be determined from the meager evidence in this record, petitioner has in his return for 1963 allocated $61,000 of the $80,000 purchase price stated in the land *182 contract as the purchase price of his motel property leaving $19,000 as the purchase price of the residence property. He contends that by some process of computation, undisclosed by the record, an allocable portion of the moneys paid him during 1963 upon the purchase price of the motel property is less than 30 percent of the total purchase price thereof. We have endeavored to find his method of computaion, but can discover no method of allocation of purchase price which would so result. It is true that an allocation of moneys paid him during the year at issue disproportionately between parcel A and parcel B might so result but we have no evidence that such allocation was intended by either petitioner or the purchasers. Section 453(a) and (b), [1]I.R.C. 1954, authorizes reporting gain on the sale of realty and casual sales of personalty upon the installment plan. To prevail here, petitioner has the clear burden of bringing himself within those subsections of the Code. He has utterly failed to do so. Our ultimate finding is dispositive of the issue. *183 Because petitioner does not contest the other adjustments contained in respondent's notice of deficiency. Decision will be entered for the respondent. Footnotes
1. SEC. 453. INSTALLMENT METHOD. (a) Dealers in Personal Property. - Under regulations prescribed by the Secretary or his delegate, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit, realized or to be realized when payment is completed, bears to the total contract price. (b) Sales of Realty and Casual Sales of Personalty. - (1) General Rule. - Income from - (A) a sale or other disposition of real property, or (B) a casual sale or other casual disposition of personal property (other than property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year) for a price exceeding $1,000, may (under regulations prescribed by the Secretary or his delegate) be returned on the basis and in the manner prescribed in subsection (a). (2) Limitation. - Paragraph (1) shall apply - (A) in the case of a sale or other disposition during a taxable year beginning after December 31, 1953 (whether or not such taxable year ends after [August 16, 1954] the date of enactment of this title), only if in the taxable year of the sale or other disposition - (i) there are no payments, or (ii) the payments (exclusive of evidences of indebtedness of the purchaser) do not exceed 30 percent of the selling price.↩